IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE BETANCOURTH, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiff, | § § | No._____ |
| v. | § § § | JURY TRIAL DEMANDED |
| GREYCO SEISMIC PERSONNEL SERVICES, LLC, | § § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Jose Betancourth (referred to as "Plaintiff") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Greyco Seismic Personnel Services, LLC (referred to as "Defendant"). In support thereof, he would respectfully show the Court as follows:

### I. NATURE OF SUIT

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets

overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

2. Defendant violated the FLSA by failing to pay its nonexempt employees at one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek.

3. Plaintiff brings this collective action under section 216(b) of the FLSA on behalf of himself and all other similarly situated employees in order to recover unpaid overtime wages.

## II. JURISDICTION AND VENUE

4. Plaintiff's claims arise under the FLSA. 29 U.S.C. §§ 201-219. Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendant resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to the claim occurred in the Houston Division of the Southern District of Texas.

## III. THE PARTIES

6. Plaintiff Jose Betancourth is a resident of Whitfield County, Georgia and was employed by Defendant within the meaning of the FLSA during the three (3) year period preceding the filing of this action. In performing his duties, Betancourth was engaged in commerce or in the production of goods for commerce. Betancourth regularly worked in excess of forty (40) hours per week. However, Betancourth did not receive

overtime pay for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

7. Defendant Greyco Seismic Personnel Services, LLC is a Texas limited liability company that may be served with process by serving its registered agent, Paul C. Mitcham, at 14810 Park Almeda Drive, Houston, Texas 77047-7006.

8. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine and normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants or employees.

### IV. FACTS

9. Defendant owns and operates a company in the territorial jurisdiction of this court that purports to "provide the most cost efficient, convenient access to contingent labor in the [seismic] industry."

10. From approximately September 2011 through February 2012, Betancourth was employed by Defendant as a laborer working on the "crew line."

11. Laborers, including Betancourth, are responsible for placing seismic monitoring equipment at jobsites.

12. Laborers, including Betancourth, regularly work in excess of forty (40) hours per week.

13. Defendant does not pay laborers, including Betancourth, at one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek as required by the FLSA.

14. Instead, Defendant pays laborers, including Betancourth, at a day rate which does not take into consideration the number of hours worked per week.

15. On information and belief, these same illegal pay practices were applied to all employees of Defendant who were compensated in the same or similar manner to that of Plaintiff.

## V. Plaintiff's Individual Allegations

### A. Defendant Failed to Properly Compensate Plaintiff at the Rate of Time and One-Half for All Overtime Hours.

16. On information and belief, Plaintiff was a nonexempt employee under the guidelines of the FLSA.

17. As a nonexempt employee, Plaintiff was legally entitled to be paid at one and one-half times his "regular rate" for all hours worked in excess of forty (40) during each seven (7) day workweek. 29 U.S.C. § 207(a).

18. Defendant failed to pay Plaintiff for all hours worked in excess of forty (40) at one and one-half times his regular rate.

19. Instead, Defendant paid Plaintiff at a day rate without regard to the number of hours worked per week.

20. As a result, Plaintiff was regularly "shorted" on his paycheck by not being paid at a rate of time and one-half for hours worked in excess of forty (40).

21. In the event that Defendant classified Plaintiff as exempt from overtime, Plaintiff was misclassified, as no proper exemption enumerated within the guidelines of the FLSA excused Defendant from appropriately paying Plaintiff full overtime wages for hours worked in excess of forty (40) hours during each seven (7) day workweek, as is specifically required by the FLSA.

22. Rather, Defendant knowingly, willfully, and with reckless disregard, carried out its illegal pattern and practice of failing to pay Plaintiff proper overtime wages.

**B.  Defendant Failed to Keep Accurate Records of Time Worked.**

23. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c).

24. In addition to the pay violations of the FLSA identified above, Defendant also failed to keep proper time records as required by the FLSA.

**C.  Defendant's Illegal Actions Were and Are Willful Violations of the FLSA.**

25. The illegal pattern or practice on the part of Defendant with respect to compensation and failure to maintain accurate time records are direct violations of the FLSA.

26. No exemption excuses Defendant from failing to pay Plaintiff at his proper overtime rate of time and one-half for all hours worked in excess of forty (40).

27. Defendant has not made a good faith effort to comply with the FLSA.

28. Rather, Defendant knowingly, willfully and with reckless disregard carried out an illegal pattern or practice regarding overtime compensation and the payment of wages to Plaintiff.

## VI. COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above sections of this Complaint.

30. On information and belief, other employees have been victimized by Defendant's patterns, practices and policies identified above in violation of the FLSA.

31. These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at a rate of time and one-half for hours worked in excess of forty (40).

32. Defendant's patterns or practices of failing to pay overtime compensation are generally applicable policies or practices and do not depend on the personal circumstances of the Members of the Class.

33. Since, on information and belief, Plaintiff's experiences are typical of the experiences of the Members of the Class, collective action treatment is appropriate.

34. All employees of Defendant, regardless of their rate of pay, who were not paid at their proper overtime rate for hours worked in excess of forty (40) are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All current and former laborers or any other employee who: (1) worked at any business located in the United States that was owned, operated, and/or acquired by Defendant during the class period; (2) claim they were misclassified as exempt from overtime compensation or was an hourly employee and now seek payment for overtime hours worked; and/or (3) were compensated on any basis where they were not properly paid at a rate of time and a half for hours worked in excess of forty (40).

35. Plaintiff has retained counsel well versed in FLSA collective action litigation who is prepared to litigate this matter vigorously on behalf of Plaintiff and any other Members of the Class.

## VII. CAUSE OF ACTION—FAILURE TO PAY WAGES

36. Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above-sections of this Complaint.

37. Defendant's practice of failing to pay its nonexempt employees overtime compensation at one and one-half times their regular rate for all hours worked in excess of forty (40) is in direct violation of the FLSA. 29 U.S.C. §§ 206(a), 207(a).

38. Defendant violated the FLSA as well as the Texas Labor Code by failing to pay Plaintiff his full and proper compensation.

39. Plaintiff is entitled to payment for all hours worked in excess of forty (40) in an amount that is one and one-half times his regular rate of pay.

40. Plaintiff is entitled to liquidated damages in an amount equal to his unpaid regular and overtime wages as a result of Defendant's failure to comply with the guidelines of the FLSA.

## VIII. JURY REQUEST

41. Plaintiff requests a trial by jury.

## IX. PRAYER

42. WHEREFORE, Plaintiff and all similarly situated employees who join this action respectfully request this Court:

   a. Authorize the issuance of notice at the earliest possible time to all Defendant's employees who were employed during the three (3) years immediately preceding the filing of this lawsuit, informing them of their rights to participate in this lawsuit if they should so desire;

   b. Declare Defendant have violated the overtime provisions of the FLSA as to Plaintiff and all those similarly situated;

   c. Declare Defendant's violations of the FLSA to be willful;

   d. Award Plaintiff and all those similarly situated damages for the amount of unpaid overtime compensation, subject to proof at trial;

   e. Award Plaintiff and all those similarly situated an equal amount as liquidated damages, as specifically permitted under the guidelines of the FLSA;

   f. Award attorneys' fees both for this cause and for any and all appeals as may be necessary;

   g. Award expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

   h. Award postjudgment interest as allowed by law;

   i. Award costs of court and costs of prosecuting Plaintiff's claims; and

   j. Award such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**MOORE & ASSOCIATES**

By: /s/ Melissa Moore
    Melissa Moore
    State Bar No. 24013189
    Federal Id. No. 25122
    Curt Hesse
    State Bar No. 24065414
    Federal Id. No. 968465
    Lyric Center
    440 Louisiana Street, Suite 675
    Houston, Texas 77002
    Telephone: (713) 222-6775
    Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**